UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————————X

JOHNSON, LAKISHA,

                           Plaintiff,

          -against-

P.O. JAZER ALVARRACIN, 73RD PRECINCT; P.O. JUAN
RODRIGUEZ, 73RD PRECINCT; SGT ANTHONY ARMISTEAD,
73RD PRECINCT; Sgt. WRIGHT COLBY,73RD PRECINCT;
Defendant John Doe 1-4, 73RD Pct.; the City of New York;

                           Defendant

———————————————————————————X

**CV 13 - 1039**

        **NOW COME** the Plaintiff, JOHNSON, LAKISHA, by and through her ttorney, **D.**

**Andrew Marshall, Esq.** for her Complaint against the Defendants, respectfully shows

to this Court and allege:

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of

plaintiff' s rights under the Constitution of the United States.

## VENUE AND JURISDICTION

2.   That jurisdiction is founded upon the existence of a Federal Question.

3.   That this an action to redress the deprivation under color of statute, ordinance,

regulation, custom or usage of a right, privilege, and immunity secured to Plaintiff by

the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United

States, 42 U.S.C. §1983 and arising under the laws and statutes of the State of New

York.

4.   That jurisdiction is founded upon U.S.C. §1331 and §1343(3) and (4), this being an

action authorized by law to redress the deprivation under color of statute, ordinance,

regulation, custom or usage of a right, privilege, and immunity secured to Plaintiffs

1

by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §1983 and arising under the law and statutes of the State of New York.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

6. The amount in controversy exceeds, exclusive of interest and costs, the sum or value of SEVEN-FIVE THOUSAND ($75,000.00) DOLLARS.

## JURY DEMAND

7.    Plaintiff demands a trial by jury in this action.

## PARTIES

1. That the PLAINTIFF, LAKISHA JOHNSON, and African-American male, hereinafter "PLAINTIFF JOHNSON," is a Citizen of the United States and is a resident of Kings County, City and State of New York.

2. Upon information and belief, that at all times, hereinafter mentioned, the Defendant THE CITY OF NEW YORK, hereinafter "Defendant NYC," was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

3. Upon information and belief, that at all times, hereinafter mentioned, Defendant NYC, its agents, servants and employees operated, maintained and controlled the New York City Police Department, hereinafter "NYPD," including all the police officers thereof.

4. Upon information and belief, NYPD is responsible for the appointment, training, supervision, promotion and discipline of the police offices and supervisory police officers, including the individually named Defendant herein.

5. Upon information and belief, that at all relevant times inside 2325 New Lots Avenue,

usages of the State of New York, the City of New York and the County of KINGS, and under the authority of their office as police officers of said state, city and county.

## STATEMENT OF FACTS

13. PLAINTIFF, hereby repeat, reiterate and re-allege each and every allegation with the same force and effect as if more fully and at length set forth herein.

14. On or about 4/28/12 at 12:45 A.M., with no criminality afoot, PLAINTIFF JOHNSON was present inside of her apartment at 2325 New Lots Avenue, 6A, Brooklyn, NY 11211 along with friends and family.

15. At the time and place thereof, the music was being played on music system.

16. At the time and place thereof, Defendant ALVARRACIN was conducting official police business, and otherwise patrolling inside of 2325 New Lots Avenue, Brooklyn, NY 11211.

17. At the time and place thereof, Defendant RODRIGUEZ was conducting official police business and otherwise patrolling inside of 2325 New Lots Avenue, Brooklyn, NY 11211.

18. At the time and place thereof, Defendant ARMISTEAD was conducting official police business, including supervising his co-Defendant and otherwise patrolling inside of 2325 New Lots Avenue, Brooklyn, NY 11211.

19. At the time and place thereof, Defendant COLBY was conducting official police business, including supervising his co-Defendant and otherwise patrolling inside of 2325 New Lots Avenue, Brooklyn, NY 11211.

20. At the time and place thereof, Defendant P.O. John Doe 1-4 were conducting official

police business and otherwise patrolling inside of 2325 New Lots Avenue, Brooklyn, NY 11211.

21. At the time and place thereof the Defendant police officers who were patrolling inside of 2325 New Lots Avenue, Brooklyn, NY 11211 were also furthering their conspiracy to deprive the PLAINTIFF of her constitutional and civil rights by way of illegally stopping, falsely accusing, violently assaulting, falsely arresting and maliciously prosecuting her and those similarly situated.

22. At the time and place thereof, after the Defendant police officers knocked on Plaintiff's door, which she opened, at which time she was ordered to turn the music down.

23. At the time and place thereof, Plaintiff cooperated and turned said music down.

24. At the time and place thereof, after Defendant police officers left.

25. At the time and place thereof Defendant police officers returned to Plaintiff's door and began to knock and kick at same, while simultaneously ordering her to open it.

26. At the time and place thereof, Plaintiff opened her door again and was met by the Defendant police officers attempted to forcefully enter into her apartment without Plaintiff's permission or authority.

27. Plaintiff vehemently objected to the barrage of Defendant police officers trying to enter her home without a warrant, consent, probable cause or otherwise.

28. Plaintiff, fearful for the safety of her guest and seeing Defendant police officers had escalated the matter, asked her guests to leave, and they complied.

29. As the guests were leaving the Defendant began to threaten the guests with arrests

6

as a form of intimidation.

30. As the last guest left, Defendant ALVARRACIN, Defendant RODRIGUEZ, Defendant ARMISTEAD, and Defendant Colby rushed into Plaintiff's apartment, surrounded PLAINTIFF JOHNSON, forcefully stopped her, violently seized her and her music reproduction system without probable cause or other legal authority and thereafter kidnapped her to the 73rd Precinct after parading her out of her building before her neighbors and family.

31. At the time and place thereof, Plaintiff JOHNSON protested and asserted her innocence.

32. At the time and place thereof, after PLAINTIFF JOHNSON was forcibly stopped, Defendant ALVARRACIN, Defendant RODRIGUEZ, Defendant ARMISTEAD, and Defendant Colby searched PLAINTIFF JOHNSON, recovering no contraband or other evidence of crime.

33. At the time and place thereof, Defendant COLBY and Defendant ARMISTEAD were present and approved said actions.

34. The individual officers had the opportunity to, but did nothing to prevent the actions perpetrated against Plaintiff JOHNSON.

35. At the time and place thereof, Defendant ALVARRACIN, Defendant RODRIGUEZ, DEFENDANT ARMISTEAD and DEFENDANT DOE 1-4 caused PLAINTIFF JOHNSON to sustain physical injury to Plaintiff's person and humanity.

36. At the time and place thereof, Defendant ALVARRACIN, Defendant RODRIGUEZ, Defendant ARMISTEAD and Defendant DOE 1-4 falsely accused PLAINTIFF JOHNSON of having resisted arrest to cover-up the violent assault on Plaintiff

7

JOHNSON.

37. Defendant ALVARRACIN,  Defendant RODRIGUEZ, DEFENDANT ARMISTEAD and

DEFENDANT DOE 1-4  thereafter kidnapped Plaintiff JOHNSON to the 73rd Precinct

where Plaintiff JOHNSON searched and arrested and maliciously prosecuted him

under *Arrest No. K12641688 and Docket No. 2012SK069995.*

38. At the time and place thereof, Plaintiff JOHNSON complained of her injuries and

Defendant ALVARRACIN, Defendant RODRIGUEZ, DEFENDANT ARMISTEAD and

DEFENDANT DOE 1-4 demonstrated deliberate indifference to Plaintiff JOHNSON's

cries and pleas for medical attention.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF *LAKISHA JOHNSON:* CIVIL RIGHTS ACTION 42 USC §1983

39.  Plaintiff hereby repeats, reiterates and re-alleges each and every allegation with the

same force and effect as if more fully and at length set forth herein.

40. At the time and place thereof Defendant ALVARRACIN, Defendant RODRIGUEZ,

DEFENDANT ARMISTEAD, DEFENDANT DOE 1-4  and SGT DOE, forcefully

stopped and violently seized PLAINTIFF JOHNSON without probable cause or

reasonable suspicion or any rational basis because there was no criminality afoot

with respect to the PLAINTIFF.

41. At the time and place thereof Defendant ALVARRACIN, Defendant RODRIGUEZ,

Defendant ARMISTEAD,and Defendant Colby used unreasonable and excessive

force because Plaintiff was not armed, violent, threatening or otherwise posing a

risk to the health, safety and welfare of persons or property.

42.    At the time and place thereof PLAINTIFF had conducted herself as a reasonable

person and was thereafter cooperative with the police investigation.

43.     At the time and place thereof, the gratuitous violence, false arrest and
constitutional deprivation vis-a-vis PLAINTIFF by Defendant ALVARRACIN, Defendant
RODRIGUEZ, Defendant ARMISTEAD,and Defendant Colby caused injury to PLAINTIFF
JOHNSON'S person, dignity and reputation.

44.     At the time and place thereof, Defendant ALVARRACIN, Defendant RODRIGUEZ,
Defendant ARMISTEAD, and Defendant Colby were violating PLAINTIFF, they were all
present and were all deliberately indifferent to PLAINTIFF's pleas of innocence.

45. At the time and place thereof at the 73rd PRECINCT the Defendant conspired to
administer punitive sanctions against the PLAINTIFF because Defendant
ALVARRACIN, Defendant RODRIGUEZ, Defendant ARMISTEAD, and Defendant
Colby transmitted false information to KINGS County District Attorney resulting a
criminal court complaint being drafted and charges being brought against the
PLAINTIFF

46.  That rather than properly evaluate the claims of PLAINTIFF's alleged violation of the
law or properly investigate same, the DEFENDANT, their agents, servants and
employees wrongfully and falsely imprisoned and detained PLAINTIFF without any
right or grounds therefore, and the Defendant, their agents, servants, and
employees thereafter maliciously prosecuted PLAINTIFF without any just right or
grounds.

47. That at all times hereinafter mentioned, Defendant ALVARRACIN, Defendant
RODRIGUEZ,  DEFENDANT ARMISTEAD, and all other Defendant were employed
in their respective capacities by Defendant NYC and were acting under the color of

title official capacity and their acts were performed under the color of title of the policies, statutes, ordinances, rules and regulations of the City of New York.

48. That at all times hereinafter mentioned, Defendant ALVARRACIN, Defendant RODRIGUEZ, DEFENDANT ARMISTEAD, and all other Defendant were acting pursuant to order directives from the Defendant NYC.

49. That at all times hereinafter mentioned, Defendant ALVARRACIN, Defendant RODRIGUEZ, DEFENDANT ARMISTEAD, and all other Defendant herein entered into a tacit agreement and nefarious scheme to wrongfully deprive the PLAINTIFF and compel him and those similarly situated to abandon their rights and privileges as set forth in the Constitution of the United States of America, and the Constitution of the State of New York.

50. That at all times hereinafter mentioned Defendant ALVARRACIN, Defendant RODRIGUEZ, DEFENDANT ARMISTEAD, and all other Defendant police officers and each of them, separately, and in concert acted under color and pretense of law, to wit: under the color of title of the policies, statutes, ordinances, rules and regulations of the City of New York.

51. That at all times hereinafter Defendant ALVARRACIN, Defendant RODRIGUEZ, DEFENDANT ARMISTEAD, and all other Defendant here, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the PLAINTIFF and deprived PLAINTIFF of the rights, privileges and immunities secured to PLAINTIFF 42 USC §1983 and by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States and the Constitution of the State of New York.

52. That at all times hereinafter mentioned Defendant ALVARRACIN, Defendant

RODRIGUEZ, DEFENDANT ARMISTEAD, and all other Defendant here falsely

imprisoned, falsely arrested, assaulted and battered and malicious prosecuted

PLAINTIFF without any conduct on PLAINTIFF to so warrant deprived her of her

rights and liberties as set forth in the Constitutions of the United States and of the

State of New York, to wit:.

     a)   the right of the PLAINTIFF to be secure in his person
and effects against unreasonable search and seizure
under the Fourth and Fourteenth Amendments of the
Constitution of the United States

     b)   the right of the PLAINTIFF to be informed of the nature
and cause of the accusation against him secured to
them under the Sixth and Fourteenth Amendments of
the Constitution of the United States; and,

     c)   the right of the PLAINTIFF not to be deprived of life,
liberty or property without due process of law, and the
right to the equal protection of the law secured by the
Fifth and Fourteenth Amendment to the Constitution of
the United States

     d) the right of the PLAINTIFF not to be subjected to cruel
and inhumane secured by the Eighth and Fourteenth
Amendment to the Constitution of the United States

53. That at all times hereinafter mentioned, although the Defendant NYC knew or

had reason to know of the fact that the conduct herein alleged was carried out

by their agents, servants, and employees, as they had routinely done in the

past.

54. That the Defendant NYC did not take any steps or make any efforts to halt this course of conduct, to make redress to the PLAINTIFF or to take any disciplinary action whatever against any of their employees or agents. .

55. That by reason of the aforesaid violations, false arrest, and false imprisonment, assault and battery, cruel and inhumane treatment, the Defendant, their agents, servants, and employees violated 42 U.S.C. §1983 in that they acted as persons who under color of any statute, ordinance, regulation, custom or usage of the City of New York, subjected or caused to be subjected, a citizen of the United States or other person within the jurisdiction, particularly PLAINTIFF, to be deprived of their rights, privileges or immunities guaranteed by Constitution of the United States of America, and provided to them in the Constitution of the State of New York.

56. That by reason of the Defendant' aforesaid violations, acts and omissions, the Defendant, acting within the scope of their authority and without any probable cause, they directly and proximately caused the PLAINTIFF great harm, deprivation and damage.

That by reason of the violations, false arrest, and false imprisonment, assault and battery, cruel and inhumane treatment, deprivation of constitutional and civil rights, this innocent PLAINTIFF has been damaged.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF: PUNITIVE DAMAGES AGAINST DEFENDANT ALVARRACIN, DEFENDANT RODRIGUEZ, DEFENDANT ARMISTEAD <u>AND EACH AND EVERY INDIVIDUALLY NAMED DEFENDANT</u>

57. PLAINTIFF, hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

58. That the PLAINTIFF seeks punitive damages against each and every individually named police officer, Defendant ALVARRACIN, Defendant RODRIGUEZ, DEFENDANT ARMISTEAD, and SGT DOE in particular to deter them and other like-minded individuals from conspiring to violate the rights of the innocent and vulnerable individuals they are sworn to protect.

59. That by reason of the aforesaid acts and omissions PLAINTIFF was: deprived of liberty without due process of law; subjected to great indignity, pain, humiliation, great distress of mind and body; held up to scorn and ridicule; injured in his person, character and reputation; was prevented from attending his usual business and vocation; was injured in his reputation in the community and the said Plaintiff has been otherwise damaged.

60. The aforesaid gratuitous assault and battery, search, unlawful and false imprisonment constitute extreme and outrageous conduct carried out with the intent to cause, or disregard of a substantial probability of causing a constitutional deprivation and severe emotional distress.

61. The aforesaid acts and omission on the part of the DEFENDANT were extreme and

outrageous conduct carried out with the intent to cause, or disregard of a substantial probability of causing a constitutional deprivation and severe emotional distress, did in fact proximately and directly cause the PLAINTIFF a constitutional deprivation and severe emotional distress.

62. The aforesaid malicious prosecution, gratuitous assault and battery, strip-search, unlawful and false imprisonment was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

That by reason of the aforesaid malicious prosecution, gratuitous assault and battery, strip-search, unlawful and false imprisonment and deprivation of this innocent PLAINTIFF, PLAINTIFF request the following relief:

  a) Compensatory damages in the sum of THIRTY MILLION ($30,000,000.00) DOLLARS for each cause of action;

  b) Punitive damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS for each cause of action.

  c) An award of reasonable attorney's fees, costs and disbursements;

  d) PLAINTIFF requests a trial by jury of all issues involved in this complaint;

  e) Such other and further relief as this Court may deem just, meet and proper under the circumstances.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF: ATTORNEY FEES 42 U.S.C. §1988

63. PLAINTIFF hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

64. That in the event the Court or jury determines that the PLAINTIFF's civil rights have been violated under 42 U.S.C. §§1981, 1983, 1985(3) or their state claims and he is victorious upon a related claim herein, they demand attorney fees to compensate them or their attorney for their time, expenses, disbursements, and efforts in prosecuting this claim.

That the PLAINTIFF is entitled to and hereby makes claim for the recovery of reasonable attorney's fees incurred as a result of prosecuting her claim against the individually named police officer pursuant to 42 U.S.C. §1988.

## AS AND FOR FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *FALSE ARREST*

65. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

66. That on or about 4/28/12 at all relevant times and place, Plaintiff was falsely detained and falsely arrested without any rights or grounds, probable cause or reasonable suspicion by the Defendant herein.

67. That the said false arrest resulted in physical injury to her person, damage to his reputation and deprivation of the rights and privileges secured to her by the

Constitution of the United States of America and the Constitution of the State of New York.

68. At all times PLAINTIFF had not consented to being confined by the Defendant.

69. At all times the PLAINTIFF was conscious of her restraint, loss of liberty, and abduction.

70. At all times PLAINTIFF was made to feel fearful, intimidated, demoralized, inferior and powerless by the Defendants' actual deprivation of her civil and constitutional rights.

That by reason of the aforesaid, the Plaintiff has been damaged.

## AS AND FOR SIXTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF: EXCESSIVE FORCE, ASSAULT AND BATTERY

71. The PLAINTIFF, hereby repeat, reiterate and re-allege each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

72. Defendant ALVARRACIN, Defendant RODRIGUEZ, DEFENDANT ARMISTEAD, DEFENDANT DOE 1-4 and SGT DOE assaulted and battered PLAINTIFF JOHNSON on the date, place and time in question.

73. Defendant ALVARRACIN, Defendant RODRIGUEZ, DEFENDANT ARMISTEAD, DEFENDANT DOE 1-4 and SGT DOE with specific and deliberate intent interfered with and deprived the PLAINTIFF of her personal rights, liberties, privileges and immunities secured to her by the Constitution of the United States, The New York State Constitution.

74. D Defendant ALVARRACIN, Defendant RODRIGUEZ, DEFENDANT ARMISTEAD, DEFENDANT DOE 1-4 and SGT DOE knew or had reason to know that PLAINTIFF

16

had not acted in a manner on the date and time in question that gave the Defendant probable cause to use any force whatsoever to subdue her.

75. Defendant ALVARRACIN, Defendant RODRIGUEZ, DEFENDANT ARMISTEAD, DEFENDANT DOE 1-4 and SGT DOE knew or had reason to know that malevolently touching PLAINTIFF JOHNSON while asserting authority would have resulted in a certain and unjustified harm and apprehension in an innocent person.

76. Defendant ALVARRACIN, Defendant RODRIGUEZ, DEFENDANT ARMISTEAD, DEFENDANT DOE 1-4 and SGT DOE knew that Plaintiff JOHNSON objected to the treatment because she then and there vociferously decried the acts as flagrantly violations of her rights.

77. Defendant ALVARRACIN, Defendant RODRIGUEZ, DEFENDANT ARMISTEAD, DEFENDANT DOE 1-4 and SGT DOE were at all times unreasonable in their actions towards Plaintiff JOHNSON.

78. Plaintiff JOHNSON was at all times conscious and aware of the imminent brutality and escalation of an unjustified intrusion, egregious acts and gross omission as it unfolded and culminated into an assault, battery and false arrest at the 73rd Precinct.

79. Plaintiff JOHNSON experienced a humiliation and loss of dignity unparalleled in her life and vigorously protested the Defendants' unjustified physical contact before, during and after its occurrence.

80. That by reason of the aforesaid unlawful imprisonment, false arrest and search Plaintiff JOHNSON has been damaged.

81. The aforesaid unlawful use of excessive force, false imprisonment and false arrest constitute extreme and outrageous conduct carried out with the intent to cause, or disregard of a substantial probability of causing, severe emotional distress.

82. The aforesaid use of excessive force, false imprisonment and false arrest was extreme and outrageous conduct carried out with the intent to cause, or disregard of a substantial probability of causing severe emotional distress did in fact proximately and directly cause the PLAINTIFF's severe emotional distress.

83. The aforesaid use of excessive force, false imprisonment and false arrest was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

By reason of the aforesaid, Plaintiff JOHNSON has been damaged.

## AS AND FOR SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF:CIVIL RIGHTS ACTION 42 USC §1985

84. PLAINTIFF hereby repeats, reiterates and re-alleges each and every allegation contained herein above with the same force and effect as if more fully and at length set forth herein.

85. That on about 4/28/12 Defendant ALVARRACIN, Defendant RODRIGUEZ, DEFENDANT ARMISTEAD, DEFENDANT DOE 1-4 and SGT DOE entered into an actual or tacit agreement to deprive Plaintiff JOHNSON of her constitutional rights and civil rights.

86. That at all relevant times Defendant ALVARRACIN, Defendant RODRIGUEZ, DEFENDANT ARMISTEAD, DEFENDANT DOE 1-4 and SGT DOE entered into said agreement for the express purpose of depriving the PLAINTIFF of equal protection of the law, equal privileges and immunities und ether law, due process of law under the Fourth, Fifth and Fourteenth Amendments to the united States Constitution.

87. That at all relevant times, in furtherance of the said conspiracy, Defendant ALVARRACIN, Defendant RODRIGUEZ, DEFENDANT ARMISTEAD, DEFENDANT DOE 1-4 and SGT DOE did in fact manufacture and falsify evidence against the PLAINTIFF Johnson resulting in serious and permanent injuries to PLAINTIFF' person, dignity and humanity.

88. That at all relevant times, in furtherance of the said conspiracy to cover-up the said assault and battery, did falsely arrest the PLAINTIFF.

89. That at all relevant times, Defendant ALVARRACIN, Defendant RODRIGUEZ, DEFENDANT ARMISTEAD, DEFENDANT DOE 1-4 and SGT DOE entered into said agreement for the express purpose of depriving PLAINTIFF of equal protection of the law, equal privileges and immunities und ether law, due process of law under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

90. That at all relevant times, Defendant ALVARRACIN, Defendant RODRIGUEZ, DEFENDANT ARMISTEAD, DEFENDANT DOE 1-4 and SGT DOE while inside of the said police vehicle, Defendant ALVARRACIN, Defendant RODRIGUEZ, DEFENDANT ARMISTEAD, DEFENDANT DOE 1-4 and SGT DOE, as a ruse to cover up their acts and omissions, disregarded PLAINTIFF' obvious innocence.

91. That at all relevant times Defendant ALVARRACIN, Defendant RODRIGUEZ, DEFENDANT ARMISTEAD, DEFENDANT DOE 1-4 and SGT DOE instead conspired to cover-up their assault, battery and false arrest as follows: They agreed to fabricate an alleged claim that Plaintiff resisted arrest.

92. That at all relevant Defendant ALVARRACIN, Defendant RODRIGUEZ, DEFENDANT ARMISTEAD, DEFENDANT DOE 1-4 and SGT DOE furthered the goals of the aforementioned policy, practice and custom to pad their number of arrest and to meet a quota system initiated and maintained by 73rd Precinct.

93. That at all relevant times Defendant ALVARRACIN, Defendant RODRIGUEZ, DEFENDANT ARMISTEAD, DEFENDANT DOE 1-4  and SGT DOE's acts and omissions were motivated by PLAINTIFF's race and ethnicity.

94. That the aforesaid unlawful stop, search, violent seizure, deprivation, deliberate indifference, detentions and prosecution of Plaintiff by the Defendant, deprived PLAINTIFF of his rights and liberties as set forth in the Constitutions of the United States and of the State of New York, in that the Defendant falsely imprisoned, feloniously assaulted and battered with excessive force,  and conspired to cover up their acts and omissions, and otherwise violated Plaintiff without any conduct on the part of the Plaintiff to so warrant.

By reason of the aforesaid, Plaintiff has been damaged.

## AS AND FOR EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: NEGLIGENT HIRING AND RETENTION

95. The Plaintiff JOHNSON hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

96. That the Defendant NYC was careless and reckless in hiring and retaining as and for its employees, the above named individuals; in that the said Defendant lacked the experience, deportment and ability to be employed by the Defendant; in that the Defendant failed to exercise due care and caution in its hiring practices, and in particular, in hiring the Defendant employees who lacked the mental capacity and the ability to function as employees of the aforementioned City Defendant.

97. That Defendant NYC failed to investigate the above-named Defendant's background and in that they hired and retained as an employee of their police department individuals whose backgrounds contained information (based on

20

information and belief) that revealed said Defendant lacked the maturity, sensibility and intelligence to be employed by the City Defendant in that the Defendant knew of the lack of ability, experience, deportment and maturity of said Defendant employees when they hired them to be employees' and, in that the Defendant, their agents, servants and employees were otherwise careless, negligent and reckless.

98. That the aforesaid occurrence, to wit the false arrest and imprisonment, illegal strip search and seizure and negligence in hiring resulting in injuries there from, were caused wholly and solely by reason of the negligence of the Defendant, its agents, servants and employees without any negligence on the part of the Plaintiff.

99. And that moreover, the Plaintiff lost thousands of dollars while in detention by the Defendant on the utterly false charge of Disorderly Conduct and related charges.

100.   That by reason of the aforesaid, the Plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer mental pain, and he was incapacitated from his usual occupation and will, upon information and belief, be so incapacitated in the future, she has suffered in an effort to cure herself of said injuries to extricate herself from the indignities and humiliation foisted upon her by the actions of the Defendant, their agents, servants and employees, including counsel fees and disbursements, and upon information and belief, will expend further sums in that direction.

That by reason of the aforesaid, the Plaintiff JOHNSON, has been damaged.

## AS AND FOR NINETH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: NEGLIGENCE IN TRAINING AND SUPERVISING

101.   The Plaintiff **JOHNSON,** hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

102.     That the Defendant NYC  their agents, servants and employees, carelessly and recklessly failed to properly train and supervise their employees, in particular, the named Defendants, in that they failed to train their employees to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonable, prudent police officers; failed to give them proper instruction as to their department, behavior and conduct as representatives of their employer; and, in that the Defendants, their agents, servants and employees were otherwise reckless, careless and negligent.

103.     That the aforesaid occurrence, to wit the false arrest and imprisonment, and negligence of hiring resulting in injuries there from, were caused wholly and solely by reason of the negligence of the Defendant, its agents, servants and employees without any negligence on the part of the Plaintiff.

104.     That by reason of the aforesaid, the Plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer great mental pain, and he was incapacitated from his usual occupation and will, upon information and belief, be so incapacitated in the future, and he has expended and incurred sums of money in an effort to cure herself of said injuries to extricate herself from the indignities and humiliation foisted upon her by the actions of the Defendant, their agents, servants and employees, including counsel fees and disbursements, and upon information and belief, will expend further sums in that direction, and the Plaintiff has been otherwise damaged because of the false charge of assault, attempted robbery and otherwise.

     That by reason of the aforesaid, the Plaintiff JOHNSON, has been damaged.

## AS AND FOR TENTH  CAUSE OF ACTION ON BEHALF OF
## PLAINTIFF: *DENIAL OF SUBSTANTIVE DUE PROCESS*

105.    The Plaintiff **JOHNSON,** hereby repeats, reiterates and re-alleges each and

every allegation contained herein with the same force and effect as if more fully and

at length set forth herein.

106.    Defendant created false evidence against Plaintiff.

107.    Defendant ALVARRACIN, Defendant RODRIGUEZ, DEFENDANT ARMISTEAD,

DEFENDANT DOE 1-4 and SGT DOE's forwarded false evidence to prosecutors in

the King's County District Attorney's Office and the New York County District

Attorney's Office.

108.    In creating false evidence against Plaintiff, and in forwarding false evidence to

prosecutors, Defendant ALVARRACIN, Defendant RODRIGUEZ, DEFENDANT

ARMISTEAD, DEFENDANT DOE 1-4  and SGT DOE's violated Plaintiffs right to

substantive due process under the Due Process Clause of the Fifth and Fourteenth

Amendments of the Constitution of the United States

109.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages herein alleged.

That by reason of the aforesaid, the Plaintiff JOHNSON, has been damaged.


## AS AND FOR ELEVENTH CAUSE OF ACTION ON BEHALF OF
## PLAINTIFF: *MALICIOUS ABUSE OF PROCESS*

110.    Plaintiff **JOHNSON,** hereby repeats, reiterates and re-alleges each and every

allegation contained herein with the same force and effect as if more fully and at

length set forth herein.

111.    Defendant ALVARRACIN, Defendant RODRIGUEZ, DEFENDANT ARMISTEAD,

DEFENDANT DOE 1-4 and SGT DOE issued legal process to place Plaintiff under

23

arrest.

112.    Defendant ALVARRACIN, Defendant RODRIGUEZ, DEFENDANT ARMISTEAD, DEFENDANT DOE 1-4 and SGT DOE arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to obtain more arrests, to obtain more indictments, to obtain more convictions, to obtain overtime pay, and to obtain promotions within their respective agencies, among other things

113.    Defendant ALVARRACIN, Defendant RODRIGUEZ, DEFENDANT ARMISTEAD, DEFENDANT DOE 1-4 and SGT DOE acted with intent to do harm to Plaintiff without excuse or justification.

114.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

That by reason of the aforesaid, the Plaintiff JOHNSON, has been.


## AS AND FOR TWELFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *FAILURE TO INTERVENE*

115.    Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

116.    Those individual Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene and prevent such conduct; and failed to intervene.

117.    Accordingly, the individual Defendant who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

118.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages herein alleged.

That by reason of the aforesaid, the Plaintiff JOHNSON, has been damaged.

## AS AND FOR THIRTEENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *EQUAL PROTECTION CLAUSE, 42 U.S.C. § 1983*

119.   Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

120.   The Defendants' conduct was tantamount to discrimination against Plaintiff based on her ethnicity. Other individuals who are not African-American are not targeted and falsely arrested; conspired against; subjected to excessive force, among other things.

121.   This disparate treatment caused Plaintiff to suffer serious injuries.

122.   As a result of the foregoing, Plaintiff was deprived of his rights under the Equal

123.   Protection Clause of the Constitution of the United States, and is thereby entitled to damages.

That by reason of the aforesaid, the Plaintiff JOHNSON, has been damaged.

## AS AND FOR FOURTEENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *SUPERVISORY LIABILITY UNDER 42 U.S.C. § 1983*

124.   Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

125.   Defendant SGT DOE personally caused Plaintiff's constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise his subordinate employees regarding the adequate and proper

investigation of the underlying facts that preceded Plaintiff's arrest, and by approving Plaintiffs arrest despite the availability of exculpatory evidence and/or the lack of probable cause.

126. Defendant SGT DOE personally caused Plaintiff's constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise their subordinate employees regarding the adequate and proper marshaling of evidence.

127. Defendant SGT DOE personally caused Plaintiff's constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise his/her subordinate employees regarding the adequate and proper grounds for forcefully entering her apartment without a warrant and thereafter subjecting Plaintiff JOHNSON to excessive force, despite no legal basis for doing so.

128. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

That by reason of the aforesaid, the Plaintiff JOHNSON, has been damaged.


129. **AS AND FOR FIFTEENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: _MONELL_**

130. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

131. This is not an isolated incident. Defendant The City of New York, through its policies, customs, and practices, directly caused the constitutional violations suffered by Plaintiff. Defendant NYC, through the NYPD, has had, and still has, hiring practices that it knows will lead to the hiring of police officers lacking the intellectual

capacity and moral fortitude to discharge their duties in accordance with the

Constitution of the United States and is indifferent to the consequences.

132.   Defendant NYC, through the NYPD, has a de facto quota policy

that encourages unlawful arrests, the fabrication of evidence, and perjury.

137.   Defendant The City of New York, through the NYPD, has a de facto overtime

policy that encourages and incentivizes false arrests, the fabrication of evidence, and

perjury.

138.   Defendant NYC, through the NYPD, has a de facto employee promotion policies

that encourages negligent investigations; the fabrication of evidence; perjury; and

improper manipulation of prosecutors.

139.   Defendant The City of New York, through the NYPD have had, and still have,

hiring practices that they know will lead to the hiring of employees and attorneys

lacking the intellectual capacity and moral fortitude to discharge their duties in

accordance with the Constitution of the United States and is indifferent to the

consequences.

140.   Defendant NYC through the NYPD, have de facto policies that encourage

competition among employees.  These policies encourage negligent investigations;

the fabrication of evidence; perjury; and improper manipulation of prosecutors.

141.   Defendant NYC through the NYPD has had, and still has, a de facto policies

that encourage mass stop, searches and seizures of African-American living in targeted

precincts.

142.   Defendant NYC, at all relevant times, were aware that the individual Defendant

routinely committed constitutional violations such as those at issue here and have

failed to change their policies, practices, and customs to stop this behavior.

143.   Defendant NYC, at all relevant times, was aware that the individual Defendant

are unfit officers, attorneys, and employees who have previously committed the acts

27

alleged herein  and/or have a propensity for unconstitutional conduct.

144.    These policies, practices, and customs were the moving force behind Plaintiffs

injuries.

That by reason of the aforesaid, the Plaintiff JOHNSON, has been damaged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as

follows:

(a)    Compensatory damages against all Defendant, jointly and severally;

(b)    Punitive damages against the individual Defendant, jointly and severally;

(c)    Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

(d)    Such other and further relief as this Court deems just and proper

DATED: New York, New York
          February 3, 2013

D. Andrew Marshall, Esq.
Attorney for the PLAINTIFF
225 Broadway Suite 1804
New York, New York 10007
Tel. (212) 571-3030
Fax (212) 587-0570
marshall.law4@verrizon.net

28

VERIFICATION

STATE OF NEW YORK )
) Ss:
COUNTY OF KINGS )

**LAKISHA JOHNSON** being first duly sworn hereby deposes and says that:

1. I am the Plaintiff in this action.

2. I am over eighteen years of age and reside in the County of KINGS, City and State of New York.

3. I verify that the statements made to my attorney are true to the best of my knowledge and belief.

4. All allegations made which are based upon information and belief are made after consultation with my attorney and on the bases of the information available t me at this time.

5. I further verify that I have read the forgoing Complaint and that I know the contents thereof; the same is true to my knowledge, except to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true.

_LAKISHA JOHNSON_

State of New York )
County of KINGS ) Ss.:

On Feb 13            2012 before me, the undersigned, personally appeared **LAKISHA JOHNSON** , personally know to me or provided to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed instrument be the individuals described in and who executed the foregoing and duly acknowledged to me that he executed it.

_____
(signature and office of the individual taking acknowledgment)

**DARRELL A. MARSHALL**
**NOTARY PUBLIC**
**STATE OF NEW YORK**
**REG. NO. 20MA6102966**
**EXPIRES** 12-15-11

29

## ATTORNEY'S VERIFICATION

**D. Andrew Marshall, Esq.,** an attorney duly admitted to practice before the Courts of the State of New York, with an office located at 225 Broadway, Suite 1804, New York, NY 10007, affirms the following to be true under the penalties of perjury:

I am the attorney of record for Plaintiff in the instant action. I have read the annexed

## VERIFIED COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

Dated:   New York, New York
The 13 day of Feb   2013

D. Andrew Marshall, Esq.
Attorney for the PLAINTIFF
225 Broadway Suite 1804
New York, New York 10007
(212) 571-3030 (office)
(212) 587-0570 (facsimile)